MICHAEL A. LADRA, State Bar No. 065307
JULIE M. HOLLOWAY, State Bar No. 196942
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:   (650) 565-5100
Email:  mladra@wsgr.com
Email:  jholloway@wsgr.com

Attorneys for Defendant
ATMEL CORPORATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES B. GOODMAN, | CASE NO.:  CV 07-03113 SI |
| Plaintiff, | **DEFENDANT ATMEL CORPORATION'S ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT, COUNTERCLAIMS, AND DEMAND FOR JURY TRIAL** |
| v. | |
| ATMEL CORPORATION, | |
| Defendant. | **JURY TRIAL DEMANDED** |
| | Judge:  The Honorable Susan Illston |

Defendant Atmel Corporation ("Atmel") responds to the allegations in the Complaint filed in this matter as follows:

## JURISDICTION

1.    Atmel admits the allegations of Paragraph 1 of the Complaint.

2.    Atmel admits the allegations of Paragraph 2 of the Complaint.

3.    Atmel does not have sufficient information to admit or deny the allegations of Paragraph 3 of the Complaint.  Atmel therefore denies these allegations.

4.    Atmel admits the allegations of Paragraph 4 of the Complaint.

**INTRADISTRICT ASSIGNMENT**

5.    Atmel admits the allegations of Paragraph 5 of the Complaint.

**CAUSE OF ACTION**

6.    Atmel admits that U.S. Patent No. 6,243,315 (the "'315 patent") is entitled "Computer Memory Systems With a Low Power Mode," and lists James B. Goodman as an inventor on the face of the patent.  Atmel otherwise denies the allegations of Paragraph 6 of the Complaint.

7.    Atmel does not have sufficient information to admit or deny the allegations of Paragraph 7 of the Complaint.  Atmel therefore denies these allegations.

**COUNT ONE**

8.    In response to Paragraph 8 of the Complaint, Atmel incorporates by reference its responses, above, to the allegations of Paragraphs 1 through 7 of the Complaint.

9.    Atmel denies the allegations of Paragraph 9 of the Complaint.  Atmel specifically denies that it infringes any claim of the '315 patent.  Atmel does not make PSRAMs.  The PSRAMs in Atmel's accused products are purchased from third parties.

**FIRST AFFIRMATIVE DEFENSE**

10.    As a first and separate affirmative defense, Atmel alleges that Atmel does not infringe and has not infringed, either directly or indirectly, any claim of the '315 patent, either literally or under the doctrine of equivalents.

**SECOND AFFIRMATIVE DEFENSE**

11.    As a second and separate affirmative defense, Atmel alleges that the '315 patent, and each claim thereof, is invalid because it fails to satisfy the conditions of patentability set forth in the provisions of the patent laws, 35 U.S.C. § 100 et seq., such as, for example, 35 U.S.C. §§ 101, 102, 103 and 112.

**THIRD AFFIRMATIVE DEFENSE**

12.    As a third and separate affirmative defense, Atmel alleges that Goodman's claims are barred in whole or in part by license, by the doctrine of implied license, and/or by the doctrine of patent exhaustion.

**FOURTH AFFIRMATIVE DEFENSE**

13.    As a fourth and separate affirmative defense, Atmel alleges that Goodman is barred from obtaining any relief sought in the complaint because of the doctrine of laches and/or equitable estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

14.    As a first and separate affirmative defense, Atmel alleges that Goodman is barred by 35 U.S.C. § 287 from recovering any damages for any alleged infringement of the '315 patent that occurred prior to actual, affirmative notice by Goodman or the filing of the Complaint.

**COUNTERCLAIMS**

15.    Defendant-Counterclaimant Atmel is a corporation organized under the laws of the State of Delaware with a principal place of business at 2325 Orchard Parkway, San Jose, California.

16.    Based on the allegations in the Complaint, Goodman is a resident of the state of Texas.

17.    These counterclaims arise under Title 35 of the United States Code.  The Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Venue is proper in this Court because the Complaint was filed here and Atmel's counterclaims herein are compulsory.

**FIRST COUNTERCLAIM**
**(Declaratory Judgment of Noninfringement)**

18.    Atmel repeats and incorporates by reference the allegations in the paragraphs above as if fully set forth herein.

19.    In his Complaint, Goodman alleges that he is the owner of the '315 patent and that Atmel infringes the '315 patent.

20.    Atmel alleges that it does not infringe any claim of the '315 patent, and that the patent is invalid.

21.    An actual controversy exists between Atmel and Goodman.

22.    Atmel is entitled to judgment from this Court that the '315 patent is not infringed by Atmel.

23.    This is an exceptional case entitling Atmel to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

**SECOND COUNTERCLAIM**
**(Declaratory Judgment of Invalidity)**

24.    Atmel repeats and incorporates by reference the allegations in the paragraphs above as if fully set forth herein.

25.    Atmel is entitled to judgment from this Court that the '315 patent is invalid for failure to satisfy the conditions of patentability set forth in the provisions of the patent laws, 35 U.S.C. § 100 et seq., such as, for example, 35 U.S.C. §§ 101, 102, 103 and 112.

26.    This is an exceptional case entitling Atmel to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

**ATMEL'S REQUESTED RELIEF**

27.    WHEREFORE, Atmel denies that any of its products or services infringe any valid claims of the '315 patent, and seeks an order granting the following relief:

a.    That Goodman take nothing by his complaint, and that the complaint be dismissed with prejudice;

b.  That judgment be entered declaring that the claims of the '315 patent are not infringed;

c.  That judgment be entered declaring that the claims of the '315 patent are invalid;

d.  That judgment be entered declaring that this is an exceptional case, pursuant to 35 U.S.C. § 285 and/or other applicable laws, and awarding Atmel its attorneys' fees incurred in connection with this action;

e.  For Atmel's costs and expenses; and

f.  For such other and additional relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendant and counterclaimant Atmel demands a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.


Dated:  November 26, 2007                    WILSON, SONSINI, GOODRICH & ROSATI


                                             By:____/s/Julie M. Holloway_____
                                                  Julie M. Holloway

                                             Attorneys for Defendant
                                             ATMEL CORPORATION