MICHAEL A. LADRA (SBN 064307)
JULIE M. HOLLOWAY (SBN 196942)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, California 94304
Telephone: 650-493-9300
Facsimile: 650-565-5100
Email: mladra@wsgr.com
Email: jholloway@wsgr.com

ATTORNEYS FOR DEFENDANT
ATMEL CORPORATION

DUNCAN M. MCNEILL (SBN 136416)
1514 Van Dyke Avenue
San Francisco, CA 94124
Telephone: 415 752-5063
Email: dmcneill@netzero.net

DAVID FINK, *pro hac vice*
7519 Apache Plume
Houston, TX 77071
Telephone: (713) 729-4991
Facsimile: (713) 729-4951
Email: federallitigation@comcast.net

ATTORNEYS FOR PLAINTIFF
JAMES B. GOODMAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

JAMES B. GOODMAN,

Plaintiff,

v.

ATMEL CORPORATION,

Defendant.

CASE NO.: CV-07-3113 (SI)

**JOINT RULE 26(F) REPORT AND JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

Date: February 8, 2008
Time: 2:00 p.m.
Before: Hon. Susan Illston
Courtroom: 10

Plaintiff James B. Goodman ("Goodman") and defendant Atmel Corporation ("Atmel") jointly submit this Joint Rule 26(f) Report and Joint Case Management Conference Statement.

**1. Jurisdiction**

The Court has subject matter jurisdiction over Goodman's claims for patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a). The Court has subject matter jurisdiction over Atmel's declaratory judgment counterclaims of non-infringement and invalidity pursuant 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202. The parties do not dispute personal jurisdiction and

venue in this forum. No parties remain to be served.

**2. Facts**

Goodman filed the Complaint in this case against Atmel on June 13, 2007, alleging that Atmel infringes U.S. Patent No. 6,243,315 (the "'315 patent"), entitled "Computer memory System With a Low Power Down Mode." The Complaint identifies Atmel's products that include PSRAM devices as infringing products. The Complaint seeks damages, interest and costs, and such other relief as the Court deems proper.

Atmel filed its Answer on November 26, 2007. Atmel denies that it infringes the asserted patents. Atmel further asserts a license defense. Finally, Atmel contends that the asserted patents are invalid under 35 U.S.C. §§ 102, 103 and/or 112. Atmel has also asserted counterclaims for declaratory judgment that the '315 patent is invalid and not infringed, that this is an exceptional case under 35 U.S.C. § 285, and seeks fees and costs, and such further relief as the Court deems proper. Goodman has filed an Answer to the counterclaims.

**3. Legal Issues**

The following legal issues are in dispute:

- The proper construction of the relevant claims of the asserted patent;
- Whether any of the accused Atmel products infringe any of the asserted claims;
- DEFENDANT: Whether any of the accused Atmel products are licensed to practice the asserted patent;
- PLAINTIFF: The licensed companies for the patent-in-suit have been identified to the Plaintiff so that there should be no difficulty in determining if any of the Atmel products are under an existing licensed if Atmel identifies the products immediately rather than waste time and money for discovery and infringement charts for products unrelated to liability.
- Whether the asserted claims are invalid;
- Whether Goodman is entitled to any damages, and if so, the amount of such damages;
- Whether this case is an exceptional case within the meaning of 35 U.S.C. § 285;
- Whether Goodman is barred from enforcing its patents against Atmel under the

doctrines of implied license, patent exhaustion, laches, and/or estoppel.

**4. Motions**

No motions have been filed, other than motions filed by Goodman relating to scheduling. Atmel expects to file dispositive motions on the issues of infringement and/or validity, as well as a summary judgment motion on the issue of damages.

**5. Amendment of Pleadings**

At this stage of the case, the parties do not expect to amend the pleading to add parties, claims, or defenses.

**6. Evidence Preservation**

The parties agree to preserve evidence relevant to the issues reasonably evident in this action, including evidence in electronic form.

**7. Disclosures**

The parties agree to exchange initial disclosures fourteen days after the Case Management Conference.

**8. Discovery**

PLAINTIFF: There has been an informal exchange of information and based on the representations made by Atmel, the Plaintiff believes that an early resolution is highly likely due to the surprising information received by the Plaintiff.

No discovery has been taken to date. The parties propose the following limitations on discovery:

Interrogatories: 25 per party

Document requests: 25 per party

Requests for admissions: 50 per party

DEFENDANT: Depositions: 5 fact witnesses per party (7 hours each, and 14 hours for the inventor)

PLAINTIFF: Depositions: 5 fact witnesses per party (7 hours each, and 7 hours for the inventor). Plaintiff does not agree to have the inventor deposed for 14 hours without any showing

by the Defendant that 7 hours would be insufficient, particularly because only claim 1 is being asserted. Defendant should be required to make a motion to justify 14 hours for the inventor. A proposed schedule setting forth various deadlines is set forth in Section 17 of this document. The parties agree to accept service of discovery requests and responses by e-mail, and to confirm receipt of service by return email promptly.

**9. Class Actions**

Not applicable to this case.

**10. Related Cases.**

Goodman has previously filed the following cases in this district, all of which assert the same patent at issue in this litigation. These cases have all terminated. *Goodman v. Spansion, Inc.*, terminated May 31, 2007 by stipulation and a license agreement; *Goodman v. Hynix Semiconductor America Inc.*, terminated March 9, 2007 by stipulation and a license agreement; *Goodman v. Nanoamp Solutions, Inc.*, terminated, according to the plaintiff, March 9, 2007 due to very low liability; and *Goodman v. Infineon Technologies North America Corp.*, terminated March 9, 2007 by stipulation and a license agreement.

**11. Relief**

Goodman's Complaint seeks a judgment; damages; interest and costs; and such other relief as the Court may deem proper.

Atmel's declaratory judgment counterclaim seeks a judgment; costs and fees; and such other relief as the Court may deem proper.

Should liability be established, the basis of any damages will be a reasonable royalty assessed against the sales of the infringing products after the date that the complaint was served upon Atmel.

**12. Settlement and ADR**

The parties have informally discussed settlement, but cannot resolve the matter at this time.

DEFENDANT: The parties have engaged in informal settlement talks. For several reasons, Atmel does not believe an early settlement conference or mediation session would be helpful at this time, if these informal talks are not successful. As stated in the ADR handbook,

some cases might be better handled without ADR, and such cases include those in which a dispositive motion requiring little preparation will probably succeed. Atmel believes that this is such a case, and that the cost of formal ADR proceedings outweigh the likely benefits. However, Atmel believes that if the case cannot be resolved by summary judgment, that a settlement conference or possibly mediation post-*Markman* may be helpful.

PLAINTIFF: Based on the information Plaintiff has received since the filing of this case, Plaintiff believes that this case is well suited for an early settlement in view of the apparent low liability Atmel has. Plaintiff has already proposed a settlement more than a month ago for a small amount of money and Atmel has failed to respond yet. Plaintiff believes that an early settlement conference with a Magistrate Judge should resolve the case because once the Magistrate Judge explains the costs of litigation and the limited liability Atmel has based on its activities.

**13. Consent to Magistrate Judge for All Purposes**

The parties do not consent to a magistrate judge for trial and entry of judgment.

**14. Other References**

This case is not suitable for binding arbitration or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues**

Defendant: does not presently request that either party dismiss any claims or defenses. Atmel expects to narrow the issues and eliminate the need for trial by filing early motions for summary judgment.

Plaintiff: If Atmel has products under an existing license, then it would be desirable for this information be used to limit the scope of liability Atmel might have and simplify the discovery and the scope of infringement.

**16. Expedited Schedule**

As a patent case, this case is subject to the schedule provided for in the Patent Local Rules. A proposed schedule is provided in the next section.

**17. Scheduling**

| Event | Parties' Proposal |
|---|---|
| Parties to exchange initial disclosures | March 7, 2008 |
| Goodman's Disclosure of Asserted Claims and Preliminary Infringement Contentions (Patent L.R. 3-1) and Accompanying Document Production (Patent L.R. 3-2) | March 21, 2008 |
| Atmel's Preliminary Invalidity Contentions (Patent L.R. 3-3) and Accompanying Document Production (Patent L.R. 3-4) | April 28, 2008 |
| Exchange of Proposed Terms and Claim Elements for Construction (Patent L.R. 4-1(a)) | May 9, 2008 |
| Exchange of Preliminary Claim Constructions and Extrinsic Evidence (Patent L.R. 4-2) | May 29, 2008 |
| Joint Claim Construction Statements (Patent L.R. 4-3) | June 27, 2008 |
| Completion of Claim Construction Discovery (Patent L.R. 4-4) | July 28, 2008 |
| Goodman's Opening Claim Construction Brief (Patent L.R. 4-5(a)) | September 19, 2008 |
| Atmel's Opposing Claim Construction Brief (Patent L.R. 4-5(b)) | October 3, 2008 |
| Goodman's Reply Claim Construction Brief (Patent L.R. 4-5(c)) | October 10, 2008 |
| Technology Tutorial (Patent L.R. 4-6) | October 17, 2008* |
| Claim Construction Hearing (Patent L.R. 4-6) | October 24, 2008* |
| Further CMC after Claim Construction Ruling is issued | December 19, 2008, or to be determined after claim construction ruling* |

| Event | Parties' Proposal |
|---|---|
| Goodman's Final Infringement Contentions (Patent L.R. 3-6(a)) | January 18, 2009 or 30 days after claim construction ruling, whichever is later |
| Atmel's Final Invalidity Contentions (Patent L.R. 3-6(b)) and) and production of Willfulness Opinions (Patent L.R. 3-8) | January 26, 2008 or 50 days after claim construction ruling, whichever is later |
| Fact Discovery Cut-off | March 19, 2009, or 90 days after claim construction ruling, whichever is later |
| Opening Expert Reports on issues for which a party has the burden of proof | April 20, 2009 or 30 days after fact discovery cut-off, whichever is later |
| Rebuttal Expert Reports | May 20, 2009 or 30 days after exchange of opening expert reports, whichever is later |
| Expert Discovery Cut-off | June 19, 2009 or 30 days after exchange of rebuttal expert reports, whichever is later |
| Last day to file Dispositive Motions | July 23, 2009* |
| Last day for hearing Dispositive Motions | August 24, 2009* (no later than 120 days before trial) |
| Final Pretrial Conference | December 10, 2009* |
| Trial | January 7, 2010* |

* Subject to the Court's availability

**18. Trial**

The case will be tried to a jury. The parties expect that the trial will last 5 court days.

**19. Disclosure of Non-Party Entities or Persons**

Goodman's Certification of Non-Party Interested Entities or Persons: TBD

Atmel has filed its Certification of Non-Party Interested Entities or Persons, which stated as follows: Third Point LLC, which has an ownership interest in defendant Atmel Corporation ("Atmel") of more than 5%; FMR CORPORATION (FIDELITY MANAGEMENT & RESEARCH CORP), which has an ownership interest in Atmel of more than 5%; and Barclays

Global Investors UK Holdings Ltd., which has an ownership interest in Atmel of more than 5%, may all have a financial interest in the subject matter in controversy or in a party to the proceeding.

**Additional Items Under Amended Fed. R. Civ. P. 26(f)**

The parties have met and conferred regarding the items listed in Fed. R. Civ. P. 26(f).

Pursuant to Fed. R. Civ. P. 26(f)(1)-(2), regarding the timing of initial disclosures and discovery, the parties propose to adopt the schedule listed above in Section 17, and the limitations set forth in Section 8. The parties do not anticipate any phasing of discovery.

Pursuant to Fed. R. Civ. P. 26(f)(3), the parties agree to produce materials electronically on CD or DVD where feasible.

Pursuant to Fed. R. Civ. P. 26(f)(4), the parties expect that a protective order will be necessary, and the parties will include a provision in the protective order to address inadvertently produced privileged materials.

Pursuant to Fed. R. Civ. P. 26(f)(5), the parties propose to adopt the discovery limitations set forth in Section 8.

Pursuant to Fed. R. Civ. P. 26(f)(6), the parties will meet and confer regarding the form of a protective order, to be submitted to the Court for the Court's approval.

Dated: January 31, 2008

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/
Julie M. Holloway

Attorneys for Defendant
Atmel Corporation

Dated: January 31, 2008

By: /s/
David Fink

Attorneys for Plaintiff
James B. Goodman

**ATTESTATION PURSUANT TO GENERAL ORDER 45**

I, Julie M. Holloway, attest that concurrence in the filing of this document has been obtained from each of the other signatories. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 31, 2008, at Palo Alto, California.

By: /s/
Julie M. Holloway